IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| RICHARD G. KELLEY | § | |
| | § | |
| V. | § | No. 5:13CV27 |
| | § | |
| SHARON GUSTAFSON, DENNIS | § | |
| GUSTAFSON, AND ANGIE | § | |
| BUFFINGTON, D.B.A. AR-TEX TAXI | § | |
| & COURIER SERVICES | § | |

## MEMORANDUM ORDER
## ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The April 17, 2014 Report of the magistrate judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Richard G. Kelley ("Plaintiff"), proceeding pro se, did not file objections to the Report and Recommendation. He instead filed a Motion to Stay All Proceedings. Defendants have filed a response in opposition to the motion to stay, requesting the Court adopt the Report and Recommendation and dismiss Plaintiff's cause of action.

### BACKGROUND

On March 27, 2013, Plaintiff filed this action for unlawful discrimination under 42 U.S.C. §1981 and for violations of the Fair Labor Standards Act ("FLSA") against Defendants Sharon Gustafson, Dennis Gustafson, and Angie Buffington d.b.a. Ar-Tex Taxi & Courier Services ("Defendants"). Defendants moved to dismiss, asserting they are not now nor have they ever done business as Ar-Tex Taxi & Courier Services. After ordering him to do so, Plaintiff

1

filed a response to Defendants' motion to dismiss. Plaintiff later filed a motion for partial summary judgment and a motion for entry of judgment as a matter of law.

On January 3, 2014, after denying Plaintiff's motion for recusal, the magistrate judge issued a Report and Recommendation recommending Defendants' motion to dismiss and Plaintiff's motion for partial summary judgment be denied. Specifically, the magistrate judge ordered Plaintiff to amend his original complaint within thirty days, including the proper business name of Defendants. The magistrate judge also recommended Plaintiff's motion for partial summary judgment and motion for entry of judgment be denied. Among other things, the magistrate judge stated the motions were premature as the case has not yet been set for a scheduling conference and no discovery order has been entered to govern this case.

Plaintiff filed objections to the magistrate judge's January 3, 2014 Report and Recommendation, asserting she erroneously concluded Defendants had created a genuine issue of material fact concerning Plaintiff's claims. The Court considered all of Plaintiff's objections and agreed with the magistrate judge that Plaintiff's motion for partial summary judgment was premature. The Court adopted the Report and Recommendation, finding Plaintiff's objections without merit. The Court also ordered Plaintiff to amend his complaint on or before February 7, 2014, including the proper business name of Defendants.

On January 31, 2014, Plaintiff filed a First Amended Complaint as ordered by the Court. Plaintiff's amended complaint identifies the parties as Sharon Gustafson, Dennis Gustafson, and Angie Buffington d/b/a ArTex Transport & Courier, LLC. Defendants filed a motion to dismiss Plaintiffs' amended complaint, asserting Sharon Gustafson and Angie Buffington are members of Artex Transport and Courier, LLC, a Limited Liability Company ("LLC"), and Dennis Gustafson is merely an employee of the LLC with no authority to act for the LLC except in his

capacity as an employee. According to Defendants, as members associated with an LLC, they owe no individual liability to Plaintiff.

Plaintiff failed to file a response to Defendants' motion within the time prescribed by the Local Rules. On March 11, 2014, the magistrate judge ordered Plaintiff to file responses to Defendants' motion for sanctions and to Defendants' second motion to dismiss within fourteen days from the date of entry of the Order. Plaintiff was advised that failure to do so could result in the dismissal of his cause of action. Plaintiff filed a motion for extension of time, seeking until April 4, 2014 in which to comply with the Court's order. The magistrate judge granted Plaintiff's motion and ordered Plaintiff to file his responses to the motions on or before April 14, 2014. The Court indicated no further extensions would be allowed. The magistrate judge specifically advised Plaintiff that his failure to file responses as ordered could result in the dismissal of his cause of action.

Plaintiff failed to file responses to Defendants' motions as ordered by the Court. Defendants' motion for sanctions had been pending for almost three months with no response, and Defendants' second motion to dismiss had been pending with no response for over two months. Therefore, on April 17, the magistrate judge issued the current Report and Recommendation, recommending Defendants' second motion to dismiss be granted and that Plaintiff's above-referenced cause of action be dismissed without prejudice. The magistrate judge noted that although Plaintiff is not represented by counsel, he is not an inexperienced litigant and is familiar with the Court's rules from his previous litigation history in this Court.

## **PLAINTIFF'S MOTION TO STAY**

Any party may serve and file written objections to the findings and recommendations of a magistrate judge within fourteen (14) days after receipt of the magistrate judge's report. 28

U.S.C.A. 636(b)(1)(C). Failure to file written objections within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985). Plaintiff did not file written objections to the April 17, 2014 Report and Recommendation, rather on May 2, Plaintiff filed a motion for a stay of any further proceedings pending an investigation into the conduct of the magistrate judge and Defendants' counsel. According to Plaintiff's motion, he submitted a letter to the U.S. Attorney General on May 1, 2014, seeking an investigation. This letter is attached to his motion to stay.

## **DISCUSSION**

Even though Plaintiff has not filed written objections to the Report and Recommendation and has thus waived his right to *de novo* review, the undersigned notes that even if it were to use a *de novo* review the Court would still agree with the magistrate judge's findings and conclusions. Plaintiff is well aware of the Court's rules and has repeatedly been advised that failure to file briefing as required by those rules (and as separately ordered by the Court) could result in the dismissal of his lawsuit. Despite the Court's allowing Plaintiff numerous chances in which to comply with the Court's rules and direct orders, on at least three occasions in this case Plaintiff has failed to follow the rules. He has also failed to respond in direct violation of orders from the Court.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); FED. R. CIV. P. 41(b). The magistrate judge considered whether a lesser sanction would be appropriate in the event Plaintiff

4

continues to disobey the Orders of this Court, and she decided that dismissal is the appropriate sanction for such conduct. The Court agrees.

The Court, having reviewed the relevant briefing, the Report and Recommendation, Plaintiff's motion to stay, and Defendants' response to the motion to stay, is of the opinion the findings and conclusions of the magistrate judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Stay of All Proceedings (Dkt. No. 34) is **DENIED**. It is further

**ORDERED** that Defendants' Second Motion to Dismiss (Dkt. No. 28) is **GRANTED**. It is further

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITHOUT PREJUDICE.**

**It is SO ORDERED.**

**SIGNED this 22nd day of May, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE